## APPEAL OF SOL FRANKEL, INC.

Docket No. 3253. Submitted October 11, 1925. Decided January 28, 1926.

    1. Deduction for alleged additional salaries to officers disallowed.

    2. Taxpayer *held* to be entitled to computation of 1919 profits tax under section 328 of the Revenue Act of 1918.

*Benjamin Mahler, Esq.*, and *Isidore Schlanger, C. P. A.*, for the taxpayer.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER and PHILLIPS.

This is an appeal from the determination of a deficiency in income and profits taxes for the calendar year 1919 in the amount of $16,565.53. It is contended by the taxpayer that the Commissioner erred in failing to allow reasonable salaries of officers and in failing to compute the tax under section 328 of the Revenue Act of 1918.

### FINDINGS OF FACT.

The taxpayer is a New York corporation, with its principal place of business in New York City. It was organized in 1908, succeed-

ing to the business of Sol Frankel, which he had operated for a number of years prior thereto as an individual.

In 1919 the taxpayer had three stockholders, all of whom were actively engaged in the conduct of its business, which was that of commission merchants, selling live poultry in New York on a commission basis.

Herbert Frankel, principal stockholder and president of the taxpayer, had been actively engaged in the commission business for a number of years, having been in the employ of his father, Sol Frankel, prior to the incorporation of the taxpayer. His activities consisted principally of soliciting shipments of live poultry from shippers located in various parts of the United States. In 1919 he made several trips through the middle west and the west, and by his efforts secured about 90 per cent of the shipments received by the taxpayer in that year, which amounted in value to about $3,500,000.

Bertram Frankel, brother of Herbert Frankel, and an officer and stockholder of the taxpayer, was in charge of sales and checked all credits. The taxpayer was responsible to shippers for the collection of accounts and Bertram Frankel had the responsibility of checking the accounts, which, in 1919, amounted to about $4,000,000.

M. J. Cohen, an officer and stockholder, was responsible for unloading live poultry from cars and grading it into various classes, and he also assisted Bertram Frankel in making sales. He had been in the business for about 30 years and had become experienced in grading poultry. He has charge of from 10 to 40 men, and the speed with which cars are unloaded depends upon him. It is necessary that poultry be removed from the cars as quickly as possible, in order to avoid loss through high feeding costs and also for the reason that the death rate of poultry while in cars is high.

The salaries drawn by the three officers during 1919 were: Herbert Frankel, $10,400; Bertram Frankel, about $2,000; and M. J. Cohen, about $3,000. The total amount drawn by these three for the year was $15,865. On the basis of salaries paid to officers and employees performing similar services for other dealers doing a similar kind and volume of business in the City of New York, reasonable compensation for the services rendered the taxpayer by Herbert Frankel in 1919 was $20,000 and for the services rendered by Bertram Frankel and M. J. Cohen was $12,500 each.

The taxpayer's gross income for 1919 from commissions was $110,329.40. The net income of the taxpayer, as determined by the Commissioner, after allowing $15,865 as a deduction for officers' salaries, was $45,446.79.

104881—27——35

The taxpayer filed a return for 1919 as a personal service corporation and listed thereon as salaries the amount drawn by the three stockholders. The Commissioner denied the taxpayer classification as a personal service corporation and advised it of the determination of the deficiency here in issue by letter dated February 16, 1925. On February 28, 1925, after receipt of the notice of the deficiency, the taxpayer charged $29,135 against its surplus account and credited the accounts of Herbert Frankel with $9,600, Bertram Frankel with $10,675, and Cohen with $8,860, stated to be "balance of 1919 salaries."

The taxpayer conducted its business on premises for the use of which a permit had been obtained by Sol Frankel from the City of New York prior to the organization of the taxpayer, and for which he was required to pay an annual rental of about $4,000. The premises contained a shed about 250 feet long by 100 feet wide, divided into two parts by a central wall running lengthwise of the structure. There were no outside walls. The shed was divided by Sol Frankel into 15 units or stands, of which 6 were sold prior to the organization of the taxpayer. The remaining 9 stands were transferred to the taxpayer upon its organization. The stands which were sold contained the office and certain improvements, so that it became necessary to construct an office and make certain improvements in the remaining 9 stands to render them suitable for the business conducted. This was done by Sol Frankel at a cost of $10,670. The improvements made on the premises and the equipment which had been used by Sol Frankel were turned over to the corporation upon its organization. The earnings of Sol Frankel for 1905 were $11,654.63, and for 1906, $8,604.44.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

PHILLIPS: At the time taxpayer's return for 1919 was filed, it claimed classification as a personal service corporation. This claim was denied by the Commissioner and is no longer urged by the taxpayer.

The taxpayer claims the right to deduct for 1919, as salaries of its officers, $45,000. There is testimony in the record to the effect that, in December, 1918, an informal meeting of the officers and directors was held, at which the salary of Herbert Frankel for 1919

was fixed at $20,000 and the salaries of Bertram Frankel and Cohen at $12,500 each. There is other testimony that, because money was needed in the business, each of these officers agreed to draw only so much as was necessary for his living expenses. The only salaries entered on taxpayer's books for 1919 were the amounts drawn, and it was not until 1925, when personal service classification had been denied the taxpayer, that the additional amounts here in issue were entered upon the books. Giving consideration to all of the testimony taken and to the manner in which the salary was treated on the books of the corporation, we would not feel justified in holding that any liability for officers' salaries was incurred in 1919 in excess of the amount paid and charged upon the books in that year.

The taxpayer claims that it is entitled to have its taxes computed under section 328 of the Revenue Act of 1918 upon two grounds. The first of these is that the capital stock of the corporation was issued to Sol Frankel for both tangible and intangible property, the value of which can not be determined. The testimony establishes the fact that the corporation acquired from Sol Frankel the lease of certain premises in the City of New York, together with a license to conduct the live-poultry business upon such premises. Without doubt the property acquired was valuable, but a minute examination of the record fails to disclose any testimony that these assets were acquired for the issue of the capital stock of the taxpayer. So far as the testimony shows, these assets may have been purchased by the corporation from Sol Frankel for cash.

The second ground for assessment under section 328 is that the salaries paid the officers, who were also the only stockholders, are wholly inadequate for the services performed and result in an abnormality of income. It has been established to our satisfaction that the services rendered were reasonably worth $45,000. Of this amount only $15,865 can be allowed as a deduction. The net income determined by the Commissioner, after deducting salary paid to the officers, is $45,446.79. Had reasonable compensation been paid, the net income would have been $16,311.79, approximately one-third of the amount upon which taxpayer is liable for the payment of tax. In our opinion an abnormal condition affecting the income of the taxpayer results so as to bring it within the provisions of section 327 of the Revenue Act of 1918. The Commissioner should compute the tax under section 328 by comparing taxpayer with representative concerns as defined by the Act, and his computation thereunder will be deemed final, as the taxpayer introduced no evidence with respect to proper comparatives. *Appeal of Rex Machinery & Supply Co.*, 3 B. T. A. 182.