*496 OPINION.
Phillips:
At the time taxpayer’s return for 1919 was filed, it claimed classification as a personal service corporation. This claim was denied by the Commissioner and is no longer urged by the taxpayer.
The taxpayer claims the right to deduct for 1919, as salaries of its officers, $45,000. There is testimony in the record to the effect that, in December, 1918, an informal meeting of the officers and directors was held, at which the salary of Herbert Frankel for 1919 *497 was fixed at $20,000 and the salaries of Bertram. Frankel and Cohen at $12,500 each. There is other testimony that, because money was needed in the business, each of these officers agreed to draw only so much as was necessary for his living expenses. The only salaries entered on taxpayer’s books for 1919 were the amounts drawn, and it was not until 1925, when personal service classification had been denied the taxpayer, that the additional amounts here in issue were entered upon the books. Giving consideration to all of the testimony taken and to the manner in which the salary was treated on the books of the corporation, we would not feel justified in holding that any liability for officers’ salaries was incurred in 1919 in excess of the amount paid and charged upon the books in that year.
The taxpayer claims that it is entitled to have its taxes computed under section 328 of the Revenue Act of 1918 upon two grounds. The first of these is that the capital stock of the corporation was issued to Sol Frankel for both tangible and intangible property, the value of which can not be determined. The testimony establishes the fact that the corporation acquired from Sol Frankel the lease of certain premises in the City of New York, together with a license to conduct the live-poultry business upon such premises. Without doubt the property acquired was valuable, but a minute examination of the record fails to disclose any testimony that these assets were acquired for the issue of the capital stock of the taxpayer. So far as the testimony shows, these assets may have been purchased by the corporation from Sol Frankel for cash.
The second ground for assessment under section 328 is that the salaries paid the officers, who were also the only stockholders, are wholly inadequate for the services performed and result in an abnormality of income. It has been established to our satisfaction that the services rendered were reasonably worth $45,000. Of this amount only $15,865 can be allowed as a deduction. The net income determined by the Commissioner, after deducting salary paid to the officers, is $45,446.79. Had reasonable compensation been paid, the net income would have been $16,311.79, approximately one-third of the amount upon which- taxpayer is liable for the payment of tax. In our opinion an abnormal condition affecting the income of the taxpayer results so as to bring it within the provisions of section 327 of the Revenue Act of 1918. The Commissioner should compute the tax under section 328 by comparing taxpayer with representative concerns as defined by the Act, and his computation thereunder will be deemed final, as the taxpayer introduced no evidence with respect to proper comparatives. Appeal of Rex Machinery & Supply Co., 3 B. T. A. 182.